1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

JESSIE L. SIMS,

               Plaintiff,

    v.

DAVID STANTON, ET AL.,

               Defendants.

Case No. 2:19-cv-00833-JAD-DJA

**REPORT AND RECOMMENDATION**

      This matter is before the Court on Plaintiff Jessie L. Sims' Amended Complaint (ECF No. 10), filed on May 5, 2020.  The Court previously granted Plaintiff's request to proceed *in forma pauperis* and dismissed the original complaint, with leave to amend.  (ECF No. 8).  Plaintiff timely filed the Amended Complaint, which the Court will now screen.

      Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

      Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In this case, Plaintiff sues two attorneys from the Clark County District Attorney's Office - Steven Wolfton (likely Plaintiff means Steven Wolfson) and David Stanton, an attorney from the Clark County Public Defender's Office - Dan Cho, Las Vegas Metropolitan Police Department, and the Clark County Detention Center.  He claims that Wolfson withheld exculpatory evidence related to his June 10, 2016 arrest and when Stanton took over the prosecution, he utilized corruption to obtain a conviction.  Plaintiff alleges ineffective assistance of counsel with respect to

1    Cho, who was his appointed counsel, as Cho tried to get him to plead guilty.  He also alleges that

2    Metro somehow participated in perpetuating a lie and the CCDC falsely imprisoned him.

3        Plaintiff's Amended Complaint still fails to state a claim for relief.  42 U.S.C. § 1983

4    creates a path for the private enforcement of substantive rights created by the Constitution and

5    Federal Statutes.  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  To the extent that Plaintiff is

6    seeking to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by

7    the Constitution and the laws of the United States, and must show that the alleged deprivation was

8    committed by a person acting under color of law."  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  A

9    person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and

10   made possible only because the wrongdoer is clothed with the authority of state law."  *Id.*

11       County district attorney's offices are not "persons" available to be sued under 42 U.S.C. §

12   1983.  *See, e.g., Morris v. State Bar of California*, 2010 WL 4977677 at *2 (E.D. Cal. December

13   2, 2010).  As such, the Court recommends Plaintiff's claims against the Clark County District

14   Attorney's Office via Wolfson and Stanton be dismissed with prejudice.

15       Similarly, criminal defense attorneys, including public defenders, are considered private

16   parties who did not act under color of state law.  *Polk County v. Dodson*, 454 U.S. 312, 317–18

17   (1981); *West v. Atkins*, 487 U.S. 42 (1988) (when representing an indigent defendant in a state

18   criminal proceeding, the public defender does not act under color of state law for purposes of

19   Section 1983 because he/she is not acting on behalf of the state, but as the state's adversary).  At all

20   times during the actions described by Plaintiff, Cho, a public defender, was acting as Plaintiff's

21   criminal public defense lawyer.  Thus, the Court recommends dismissal with prejudice of Plaintiff's

22   claims alleging constitutional violations suffered as the result of Cho's representation of Plaintiff

23   in his underlying criminal case.

24       Plaintiff has also failed to show that Metro is subject to 1983 liability.  In *Monell v.*

25   *Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality

26   could be held liable under Section 1983 if an official policy or custom directly caused the violation

27   of an individual's constitutional rights.  A plaintiff must establish "(1) that he possessed a

28   constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this

policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389–91 (1989)). A plaintiff cannot prove the existence of a municipal policy or custom based only on the occurrence of a single constitutional violation by a law enforcement officer. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989). However, a policy "may be inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" *Nadell v. LVMPD*, 268 F.3d 924, 929 (9th Cir. 2001) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992)). Here, Plaintiff plead no facts to establish that Metro knew that the inadequacy of its training and supervision was likely to result in constitutional violations and took no corrective action. Similarly, Plaintiff has failed to plead sufficient facts to establish the existence of Metro policy that would overcome the immunity issue. Plaintiff was already given a chance to amend his complaint to correct this deficiency so the Court will recommend that Metro be dismissed with prejudice.

As for CCDC, a complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Plaintiff claims that CCDC should not have imprisoned him. The Court finds that the allegations are "wholly incredible" and fanciful or inarguable legal conclusions. *Denton*, 504 U.S. at 33.

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's Amended Complaint be dismissed with prejudice for failure to state a claim and the case closed.

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

1    objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d

2    1153, 1157 (9th Cir. 1991).

3

4        DATED: May 6, 2020.

5        _____

6        DANIEL J. ALBREGTS
         UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28